ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| JOSUÉ ACEVEDO NIEVES<br><br>Parte Recurrida<br><br><br>v.<br><br><br><br>MAYRA IVELISSE AYALA CASIANO<br><br>Parte Peticionaria | TA2026CE00721 | *Certiorari,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.:<br>HO2025RF00008<br><br><br>Sobre:<br>Alimentos - Menores de edad |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de junio de 2026.

Compareció ante este Tribunal la parte peticionaria, la Sra. Mayra Ayala Casiano (en adelante, "señora Ayala Casiano" o "Peticionaria"), mediante petición de *certiorari* presentada el 6 de junio de 2026. Nos solicitó la revocación de la *Resolución a Desestimación* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, "TPI"), el 16 de abril de 2026. Dicho dictamen fue objeto de una "**Solicitud Reconsideración e Improcedencia de Emplazamiento Mediante Edicto**" presentada por la señora Ayala Casiano, la cual fue declarada "No Ha Lugar" mediante *Resolución a Reconsideración* de 12 de mayo de 2026.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del recurso de *certiorari* ante nuestra consideración.

## I.

El presente caso tuvo su génesis el 14 de diciembre de 2025, cuando el Sr. Josué Acevedo Nieves (en adelante, "Recurrido" o el "señor Acevedo Nieves") presentó una "**Demanda**" sobre alimentos contra la Peticionaria. Mediante la misma, expresó que estuvo casado con ésta y que ambos ostentaban la custodia

compartida del menor J.A.A.A. Además, sostuvo que, desde marzo de 2025, la señora Ayala Casiano dejó de relacionarse con el menor y ceso de contribuir con su bienestar. En vista de lo anterior, le solicitó al foro de instancia que declarara "Ha Lugar" su petición y como consecuencia, impusiera una pensión alimentaria a favor del menor J.A.A.A. El 16 de diciembre de 2025, la Secretaría del TPI expidió la correspondiente *Notificación-Citación para Vista* dirigida a la Peticionaria.

Así las cosas, el 7 de marzo de 2026, la Peticionaria presentó una "**Moción Asumiendo Representación Legal y para Desestimación**" mediante la cual expuso que no había sido citada a ninguna vista ni emplazada por el Recurrido. Asimismo, afirmó que no tenía copia de la "**Demanda**" ni de documento alguno relacionado al caso. En sintonía con ello, le solicitó al Tribunal que desestimara la "**Demanda**" presentada en su contra. En reacción a lo anterior, el 10 de abril de 2026, el TPI emitió una *Orden* mediante la cual destacó que el Recurrido no había realizado gestión alguna para emplazar a la señora Ayala Casiano. En consecuencia, le concedió un término final de quince (15) días para informar el estado de su caso, apercibiéndole que el incumplimiento con dicha orden conllevaría la desestimación del pleito al amparo de la Regla 39.2 de Procedimiento Civil, 32 LPRA, Ap. V, R.39.2.

Posteriormente, el 13 de abril de 2026, el señor Acevedo Nieves presentó una "**Moción Informativa**" en la que expuso las gestiones realizadas para emplazar a la Peticionaria. En específico, indicó que se le remitió una notificación para la renuncia de emplazamiento, la cual nunca fue devuelta ni generó comunicación alguna por parte de ésta. Añadió que, posteriormente, se intentó diligenciar el emplazamiento a través del Sr. Carlos Rivera Santiago, quien realizó varias gestiones con ese propósito, aunque todas resultaron infructuosas.

Al día siguiente, el señor Acevedo Nieves presentó una "**Moción en Solicitud de Emplazamiento por Edicto**", mediante la cual sostuvo que había realizado múltiples gestiones para emplazar a la señora Ayala Casiano. Además, alegó que esta tenía conocimiento del pleito e incluso había contratado representación legal, pero que había evitado someterse a la jurisdicción del Tribunal. También afirmó que, tras una investigación, se constató que no residía en la dirección de Hormigueros junto a sus padres y que se desconocía su paradero,

por lo que solicitó autorización para emplazarla por edicto. El 15 de abril de 2026, la señora Ayala Casiano presentó una "**Segunda Moción Para Desestimación**" en la que esgrimió que el Tribunal carecía de jurisdicción sobre su persona debido a que no había sido emplazada. Asimismo, aclaró que su comparecencia se realizaba sin someterse a la jurisdicción del foro, por lo que solicitó la desestimación de la acción.

El 16 de abril de 2026, el TPI emitió una *Resolución* mediante la cual declaró "No Ha Lugar" la referida solicitud de desestimación. Ese mismo día, el foro de instancia emitió la correspondiente *Orden Emplazamiento por Edicto*. Inconforme, la Peticionaria presentó una "**Solicitud Reconsideración e Improcedencia de Emplazamiento Mediante Edicto**". Mediante la misma, añadió como argumento desestimatorio que no procedía la expedición del emplazamiento por edicto, pues no se habían cumplido con los rigores de las Reglas de Procedimiento Civil para ello. El 11 de mayo de 2026, el Recurrido presentó una "**Moción en Oposición a Reconsideración**". El 12 de mayo de 2026, el TPI emitió una *Resolución* declarando "No Ha Lugar" la *Reconsideración* presentada por la señora Ayala Casiano.

Aun inconforme con lo resuelto por el TPI, la Peticionaria acudió ante este Tribunal mediante el recurso de epígrafe, en el cual señaló la comisión de los siguientes errores:

1. "ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR EL EMPLAZAMIENTO MEDIANTE EDICTO CON UNA DECLARACION JURADA INSUFICIENTE EN DERECHO".

2. "ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO DECLARAR CON LUGAR LA DESESTIMACION POR FALTA DE JUSRDICCION SOBRE LA PERSONA".

3. "ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO ENTENDER QUE TIENE JUSRDICCION SOBRE LA PERSONA LUEGO DE SER EMPLAZADA MEDIANTE EDICTO EL 9 DE MAYO DE 2026".

El 16 de junio de 2026, el Recurrido presentó su "**Oposición a Recurso de Certiorari**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A.

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; Banco Popular de Puerto Rico v. Gómez Alayón, 213 DPR 314, 336 (2023). Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Íd.

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023). En lo pertinente, la precitada disposición reglamentaria establece lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. SLG Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

En nuestro sistema adversativo, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial." Acosta v. ABC, Inc., 142 DPR 927, 931 (1997); Reyes v. Oriental Fed. Savs. Bank, 133 DPR 15, 22 (1993); Pagán v. Rivera Burgos, 113 DPR 750, 754 (1983). El emplazamiento persigue, primordialmente, dos propósitos: (1) notificar a la parte demandada en un pleito civil que se ha instado una reclamación judicial en su contra, y (2) garantizarle su derecho a ser oído y a defenderse. Martajeva v.

Ferré Morris y otros, 210 DPR 612, 620 (2022). De otra parte, el emplazamiento constituye el medio por el cual los tribunales adquieren jurisdicción sobre la persona del demandado, de forma tal que el emplazado quede obligado por el dictamen que finalmente se emita. Pérez Quiles v. Santiago Cintrón, 206 DPR 379, 384 (2021).

Los requisitos de un emplazamiento son de cumplimiento estricto, ya que su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. Torres Zayas v. Montano Gómez et al., 199 DPR 458, 468 (2017), Quiñones Román v. Cía. ABC, 152 DPR 367, 374 (2000). A tales efectos, todo demandado tiene el derecho a ser emplazado "conforme a derecho y existe en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales con el propósito de privar a una persona de su propiedad sin el debido proceso de ley". First Bank of P.R. v. Inmob. Nac., Inc., 144 DPR 901, 916 (1998). En esta misma línea, la Regla 4 de Procedimiento Civil regula lo concerniente a la expedición y diligenciamiento de los emplazamientos. 32 LPRA Ap. V, R. 4. Específicamente, establece que le corresponde a la parte demandante presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. 32 LPRA Ap. V, R. 4.1.

En cuanto al diligenciamiento de los emplazamientos, las Reglas de Procedimiento Civil permiten el emplazamiento personal o mediante edictos. Caribbean Orthopedics v. Medshape et al., 207 DPR 994, 1005 (2021). Aunque como regla general es requerido el emplazamiento personal como método idóneo para el tribunal adquirir jurisdicción, se ha reconocido como excepción, y ante circunstancias específicas, el emplazamiento por edicto. Íd. Según la Regla 4.6 de Procedimiento Civil, reguladora del emplazamiento por edicto y su publicación, se podrá emplazar mediante la publicación de un edicto cuando la persona emplazada: (1) esté fuera de Puerto Rico, (2) o estando en Puerto Rico, no pudo ser localizada después de realizar las diligencias pertinentes, (3) se oculte para no ser emplazada, (4) o cuando sea una corporación extranjera sin agente residente. 32 LPRA Ap. V, R. 4.6. En cualquiera de estas instancias, se requiere que la parte demandante demuestre, a satisfacción del tribunal mediante declaración jurada, las diligencias realizadas para llevar a cabo el emplazamiento personal de la parte demandada.

Banco Popular v. S.L.G. Negrón, 164 DPR 855, 865 (2005). La declaración jurada que a ese efecto se preste debe contener hechos específicos y detallados demostrativos de esa diligencia y no meras generalidades. Íd. Además, la razonabilidad y suficiencia de las gestiones efectuadas se medirá en función de si se trata de diligencias potencialmente efectivas para encontrar al demandado, por lo que dependerá de las circunstancias particulares de cada caso, las cuales el juez corroborará a su satisfacción antes de autorizar el emplazamiento por edicto. Lanzó Llanos v. Banco de Vivienda, 133 DPR 507, 513-515 (1993).

**III.**

En el presente caso, la señora Ayala Casiano nos solicitó la revocación de la *Resolución* emitida por el TPI mediante la cual se declaró "No Ha Lugar" la *Solicitud de Desestimación* presentada por ella.

Los señalamientos de error planteados por la Peticionaria se encuentran estrechamente vinculados entre sí, por lo que procede examinarlos de forma conjunta. En esencia, sostiene que el TPI incidió al: (1) ordenar el emplazamiento mediante edicto; (2) no declarar "Con Lugar" la desestimación por falta de jurisdicción sobre la persona; y (3) entender que tiene jurisdicción sobre la persona de la Peticionaria luego de ser emplazada mediante edicto el 9 de mayo de 2026.

Tras una evaluación detenida del expediente ante nuestra consideración, al igual que los autos electrónicos del foro recurrido, encontramos que el TPI no incidió, ni se desprende de los mismos que haya actuado de forma arbitraria, caprichosa, que haya abusado al ejercer su discreción o cometido algún error de derecho. Tampoco la Peticionaria demostró que el foro de instancia actuó con prejuicio o cometiera un error manifiesto en su determinación.

Ello adquiere especial pertinencia en el presente caso, toda vez que del expediente surge que el Recurrido, luego de realizar sin éxito diversas gestiones para emplazar personalmente a la Peticionaria y acreditar tales diligencias mediante la correspondiente declaración jurada, solicitó oportunamente que el emplazamiento se efectuara por edicto. En tales circunstancias, no procedía la desestimación de la "**Demanda**" por falta de jurisdicción sobre la persona, pues la solicitud de emplazamiento por edicto fue presentada dentro del término provisto para diligenciar el emplazamiento personal.

Dicho de otro modo, el hecho de que las gestiones dirigidas a emplazar personalmente a la señora Ayala Casiano resultaran infructuosas no impedía que el foro de instancia autorizara el emplazamiento por edicto, siempre que la solicitud se presentara oportunamente y se acreditaran las diligencias realizadas. Así, una vez expedido el correspondiente emplazamiento por edicto, comenzó a transcurrir el término aplicable para su diligenciamiento, conforme a la Regla 4.3(c) de Procedimiento Civil, 32 LPRA, Ap. V, R.39.2, y a lo resuelto por nuestro Tribunal Supremo en Sánchez Ruiz v. Higueras Pérez *et al.*, 203 DPR 982 (2020). Adicionalmente, no podemos perder de perspectiva que el expediente ante el foro recurrido refleja que la Peticionaria tiene conocimiento de la acción que pende en su contra y ha contratado representación legal para defenderse. En otras palabras, la Peticionaria conoce de la reclamación en su contra y está informada del alcance de la misma, al punto que ha contratado abogado para que la defienda. Nótese, además, que estamos ante un caso en el que se persigue el sustento de un menor de edad y que estamos ante una parte que no es ajena al pleito.

En suma, concluimos que de los autos no se desprende indicador alguno que requiera nuestra intervención con la determinación judicial recurrida y tampoco hallamos fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Resolución*, *denegamos* la expedición del auto de *certiorari* ante nos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones